UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, an Employee Welfare Benefit Plan, by Howard McDougall, a Trustee thereof,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BARBARA COOK and DONALD COOK<br><br>　　　　　　　Defendants. | Case No. 08 C 4120<br>Judge Charles R. Norgle, Sr. |

## MOTION TO DEPOSIT FUNDS AND FOR DISCHARGE

Now Comes the Central States, Southeast and Southwest Areas Health and Welfare Fund ("Central States"), and for the reasons stated hereafter, requests that this Honorable Court enter an Order allowing Central States to deposit funds and then discharging Central States from any liability to the Defendants for the payment of the Life Insurance benefit in the amount of $40,000.00, required to be paid by Central States to the proper beneficiary of Thomas H. Cook, deceased. In support thereof Central States states as follows:

　　1.　　Central States is an Employee Welfare Benefit Plan as that term is defined in section 3(1) of ERISA, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(2).

　　2.　　Central States provides, amongst other benefits, a Life Insurance benefit payable to the designated beneficiary of a Covered Participant.

3. Thomas H. Cook was a Covered Participant of Central States at the time of his death on November 18, 2007, so a Life Insurance benefit in the amount of $40,000.00 is payable to his proper beneficiary by Central States.

4. Defendants Barbara Cook and Donald Cook each claim to be entitled to the Life Insurance benefit payable by Central States to the proper beneficiary of Thomas H. Cook.

5. Barbara Cook claims entitlement to the Life Insurance benefit as the surviving spouse of Thomas H. Cook. In the absence of a properly executed beneficiary card, Barbara Cook would be entitled to the Life Insurance benefit under the preference provisions contained in the Central States Plan Document. She claims that a beneficiary designation, naming Donald L. Cook as the beneficiary of Thomas H. Cook's Life Insurance benefit, is forged. She claims Thomas H. Cook did not sign the beneficiary designation. Thus, she claims entitlement to the benefit.

6. Donald L. Cook claims entitlement to the Life Insurance benefit as the designated beneficiary of Thomas H. Cook, pursuant to a designation of beneficiary card signed by Thomas H. Cook on July 29, 2007.

7. Because of the competing claims of the Defendants, Central States is in great doubt as to the proper person to receive the $40,000.00 Life Insurance benefit, and thus filed this interpleader action on July 21, 2008.

8. Both Defendants have been served with a summons and complaint and are subject to the jurisdiction of this Court.

9. Central States stands ready, upon the order of this Court, to deposit $40,000.00 with the Clerk of the Court and, upon deposit of $40,000.00, requests that this Court discharge it from any liability to the Defendants for the Life Insurance benefit,

payable by Central States as a result of the death of Thomas H. Cook and dismiss it as a party to this case.

Respectfully submitted,

/s/Francis J. Carey
Francis J. Carey
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Health and
Welfare Fund
9377 W. Higgins Road
Rosemont, IL  60018-4938
(847) 518-9800, Ext. 3465

August 15, 2008